## UNION CARBIDE

### v.

### Audrey Amelia ADAMS, et al.

### No. 03–0895.

Texas Judicial Panel on Multidistrict Litigation.

Heard Dec. 12, 2003.

Decided Dec. 30, 2003.

*THE MOTION FOR TRANSFER IN THE FOLLOWING MULTIDISTRICT LITIGATION CASE IS GRANTED AS FOLLOWS:*

PER CURIAM.

On December 12, 2003 the Multidistrict Litigation Panel held a hearing on the Motion for Transfer filed by Union Carbide Corporation under Rule 13 of the Texas Rules of Judicial Administration.

Having considered the arguments, the evidence, and the authorities presented, a majority of the panel finds that the following cases involve one or more common questions of fact, and that transfer of these cases and tag-along cases to one district judge will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the cases: Cause No. 03–CV–1402, *Audrey Amelia Adams, et al. v. American Standard, Inc., et al.*, 56th Judicial District Court of Galveston County, Texas; Cause No. 03–10314, *Giuseppe Cappelli and Virginia Cappelli v. Allis–Chalmers Corp., et al.*, 116th Judicial District Court of Dallas County, Texas; and Cause No. 03CV1485, *Roy Tittle, et al. v. Quigley Company, Inc., et al.*, 212th Judicial District Court of Galveston County, Texas. The panel will issue a second order naming the judge to whom the cases will be transferred.

In the event that the pretrial judge or a litigant concludes that one or more additional pretrial judges are needed in the future, the panel will entertain at that time a request to transfer cases to an additional judge or judges.

If cases that are ready for trial are not remanded to the trial court for trial under rule 13.7, the panel will entertain complaints from litigants about the delay and will decide whether to grant relief.

Dissenting opinion filed by Justice KIDD.

Dissenting opinion filed by Justice CASTILLO.

KIDD, Justice, dissenting.

Over the past quarter of a century, the asbestos litigation docket in Texas has accomplished the monumental feat of disposing of almost 30,000 cases. This success is largely due to the cooperation of counsel on both sides of the asbestos docket and

the coordinated effort of hard-working trial judges across this vast state. *See In re Ethyl Corp.*, 975 S.W.2d 606, 610–11 (Tex. 1998). The centerpiece of this cooperative effort remains a series of agreed standing pretrial orders and an assigned asbestos judge in ten of our most populous Texas counties, comprising every major metropolitan area in the state. As a result, defense counsel have publicly declared that 99% of all asbestos litigation has been settled amicably. More importantly, unlike some contentious mass-tort litigation, asbestos cases have not involved the trial courts in a number of pretrial hearings because all but a handful of pretrial issues have been concluded by the entry of agreed orders.

In sharp contrast is the federal asbestos experience of the last decade. After the assignment of all pretrial matters in federal asbestos cases to a single federal district court, the federal asbestos docket suffered from that dreaded disease commonly known as "pretrial paralysis." Dying asbestos victims watched in horror as their asbestos cases were, quite literally, "pre-tried" to death. *See, e.g., In re Patenaude*, 210 F.3d 135, 138 (3rd Cir.2000), *cert. denied*, 531 U.S. 1011, 121 S.Ct. 565, 148 L.Ed.2d 484 (2000).

Today, a bare majority of this panel seeks to adopt the federal model and assign all prospective asbestos cases to a single, statewide asbestos judge. In light of the federal experience, this action, in my view, disregards the standard to be applied in order to justify such a transfer, which requires that the transfer will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the case. Therefore, I respectfully dissent to the order of transfer.

CASTILLO, Justice, dissenting.

Respectfully, I dissent. A party defendant experienced in asbestos litigation filed a response indicating it lacked sufficient information to take a position in favor of granting or denying the motion. Under the presumption that all allegations in the motion and responses are true, the ultimate burden of persuasion and proof remained with Union Carbide. Considering the evidence in the record before us, I would deny the motion to transfer. Turning now to the majority decision, I note that at the heart of the motion as presented are three cases. I would allow the parties in the tag along cases to show cause why the cases should not be transferred to a pre-trial judge.